AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of
a Samsung cellular phone with International Mobile
Equipment Identity (IMEI) number 350603 97010 5711

Case No. 21-5151 MB

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before  8/25/21  *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to any United States Magistrate Judge on criminal duty in the District of Arizona.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for _30_ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: August 11th, 2021 @ 2:58 pm    *[signature]*
                                                      *Judge's signature*

City and state: Phoenix, Arizona            Honorable DEBORAH M. FINE, U.S. Magistrate Judge
                                            *Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is a Samsung cellular phone with International Mobile Equipment Identity number (IMEI) 350603 97010 5711 (hereinafter the "SUBJECT CELLULAR TELEPHONE." The SUBJECT CELLULAR TELEPHONE is currently located at the FBI Phoenix Evidence Control Room at 21711 N. 7th Street in Phoenix, Arizona.

This warrant authorizes the forensic examination of the SUBJECT CELLULAR TELEPHONE for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

*Property to be seized*

1. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONE that relate to violations of Title 21 § 841, including:

    a. all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of drugs;

    b. all information related to buyers or sources of drugs (including names, addresses, telephone numbers, locations, or any other identifying information);

    c. all bank records, checks, credit card bills, account information, or other financial records;

    d. all information regarding the receipt, transfer, possession, transportation, or use of drug proceeds;

    e. any information recording schedule or travel;

    f. evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

    g. contextual information necessary to understand the above evidence.

2. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONE showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information;

mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

This warrant authorizes a review of records and information seized, copied or disclosed pursuant to this warrant in order to locate evidence and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized, copied, or disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

AO 106 Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of
a Samsung cellular phone with International Mobile
Equipment Identity (IMEI) number 350603 97010 5711

Case No. 21-5151MB

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

**As further described in Attachment A**

located in the District of Arizona, there is now concealed:

**As set forth in Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is:
☒ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Distribution of a Controlled Substance |

The application is based on these facts:

**See attached Affidavit of Special Agent John G. Mikel**

☒ Continued on the attached sheet.
☐ Delayed notice of _30_ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA THOMAS M. FORSYTH III

_Applicant's Signature_

JOHN G. MIKEL, FBI Special Agent
_Printed name and title_

Sworn to me telephonically and signed electronically.

Date: August 11th, 2021 @ 2:58 pm

_Judge's signature_

Honorable DEBORAH M. FINE, U.S. Magistrate Judge
_Printed name and title_

City and state: Phoenix, Arizona

## ATTACHMENT A

*Property to be searched*

The property to be searched is a Samsung cellular phone with International Mobile Equipment Identity number (IMEI) 350603 97010 5711 (hereinafter the "SUBJECT CELLULAR TELEPHONE." The SUBJECT CELLULAR TELEPHONE is currently located at the FBI Phoenix Evidence Control Room at 21711 N. 7th Street in Phoenix, Arizona.

This warrant authorizes the forensic examination of the SUBJECT CELLULAR TELEPHONE for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

*Property to be seized*

1. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONE that relate to violations of Title 21 § 841, including:

    a. all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of drugs;

    b. all information related to buyers or sources of drugs (including names, addresses, telephone numbers, locations, or any other identifying information);

    c. all bank records, checks, credit card bills, account information, or other financial records;

    d. all information regarding the receipt, transfer, possession, transportation, or use of drug proceeds;

    e. any information recording schedule or travel;

    f. evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

    g. contextual information necessary to understand the above evidence.

2. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONE showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information;

mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

This warrant authorizes a review of records and information seized, copied or disclosed pursuant to this warrant in order to locate evidence and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized, copied, or disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Your Affiant, John G. Mikel, being first duly sworn, hereby deposes and states as follows:

### I. INTRODUCTION AND AGENT BACKGROUND

1. Your Affiant makes this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to examine the cellular telephone further described in Attachment A (hereafter the "SUBJECT CELLULAR TELEPHONE"), and in order to extract the electronically stored information set forth in Attachment B, which represent evidence and/or instrumentalities of the criminal violations further described below.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been since November 2009. Currently, I am assigned to the Phoenix Division with primary investigative responsibility in Indian Country matters. This includes cases focused on violent crime such as homicide, aggravated assault, and sexual assault. I have been trained in various aspects of law enforcement, including searching and seizing of digital media to include telephone and social media content. In addition, I have been involved in multiple investigations in which digital media (including telephones and social media accounts) have been seized, searched, and forensically examined.

3. The statements contained in this Affidavit are based on information derived from your Affiant's personal knowledge, training, and experience, as well as information obtained from the knowledge and observations of other sworn law enforcement officers, either directly or indirectly (through their reports or affidavits).

4. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, your Affiant has not set forth all of the relevant facts known to law enforcement officers.

///

## II.     BASIS FOR PROBABLE CAUSE

5. On May 15, 2021, Salt River Police Department (SRPD) Officer S. McMorris responded to an emergency call of an adult not breathing at a residence located within the jurisdictional boundaries of the Salt River Pima-Maricopa Indian Community. Upon arrival, Officer McMorris observed that members of the Salt River Fire Department (SRFD) were already on-scene and performing medical aid on an adult female, later identified as S.C. Officer McMorris asked the adult male inside the residence to step outside and speak with him.

6. Officer McMorris interviewed the adult male (L.A.), who identified himself as S.C.'s husband. L.A. stated that he had left the residence for approximately 40 minutes and recently returned to find S.C. face down on the floor. L.A. stated that he rolled her over and observed vomit in her mouth. L.A. performed CPR until SRFD arrived.

7. When asked about S.C.'s drug and alcohol use, L.A. stated that S.C. was diagnosed with fibromyalgia, but was unable to get pain medication from a doctor. L.A. stated that S.C. had taken "one of the blue pills." When asked if that meant an M|30 fentanyl pill, L.A. said "yes."[1] L.A. advised that S.C. had bought the pill that day, but L.A. was unsure of how or where S.C. obtained it.

8. SRFD transported S.C. to Honor Health Scottsdale Osborn where she was pronounced deceased at approximately 10:34 p.m. that same day.

9. After SRFD had transported S.C. from the residence, Officer McMorris entered the residence and observed an M|30 fentanyl pill sitting on top of a cabinet. The

---

[1] Pharmaceutical-grade oxycodone hydrocholoride 30 mg pills are small, blue, and marked with "M" on one side and "30" on the opposite side. In recent years, Mexico-based drug cartels have produced and distributed into the United States millions of counterfeit oxycodone 30 mg pills that share the same physical characteristics as pharmaceutical-grade oxycodone pills (small, blue, marked M|30) but contain the powerful synthetic opioid fentanyl. Because of their physical appearance, these pills are commonly referred to as "M|30s."

2

pill was photographed and collected as evidence. The Scottsdale Police Department Crime Laboratory analyzed the seized pill and determined it contains a usable amount of fentanyl.

10. SRPD Detective R. Leading Fox was also dispatched to the scene and arrived in the early morning of May 16, 2021. Detective Leading Fox spoke with C.B. (S.C.'s minor son) who said he was home with S.C. and he (C.B.) went outside to get fresh air because of an upset stomach. C.B. said that he took S.C.'s phone outside with him. Detective Leading Fox took custody of this phone from SPRD Officer Marrujo and provided it to Crime Scene Specialist (CSS) Marquez. The phone was secured as evidence.

11. Detective Leading Fox entered the bedroom in which S.C. was located and observed many items that appeared to be drugs or drug paraphernalia. With assistance from CSS Marquez, these items were secured as evidence.

12. On June 25, 2021, your Affiant drove to the Property and Evidence Bureau and took custody of the phone, which was contained in a sealed evidence envelope.

13. Toxicology and autopsy reports from the Office of the Medical Examiner listed the cause of death for S.C. as "combined toxic effects of fentanyl and morphine." L.A. (S.C.'s husband) indicated that S.C. had recently taken fentanyl and investigators discovered other drugs and paraphernalia in the home. Because drug dealers commonly use cellular telephones (either text messaging or other communication applications) to conduct their drug distribution activities, it is therefore reasonable to assume S.C.'s cellphone (the SUBJECT CELLULAR TELEPHONE) may have been used to facilitate the acquisition of drugs and contains information regarding the purchase, sale, and trafficking of drugs. Additionally, the SUBJECT CELLULAR TELEPHONE may contain information regarding the specific type, amount, and source of the drugs that directly contributed to S.C.'s death.

14. The SUBJECT CELLULAR TELEPHONE is currently in the lawful possession of the FBI and came into the FBI's possession after being taken from the scene

3

of SRPD's investigation into S.C.'s death. It was secured and later provided to the FBI. Therefore, while the FBI might already have all necessary authority to examine the Device, I seek this warrant out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

15. The SUBJECT CELLULAR TELEPHONE is currently in storage at Evidence Control Room in the FBI Phoenix Field Office, at 21711 N. 7th Street in Phoenix, Arizona. In my training and experience, I know that the SUBJECT CELLULAR TELEPHONE has been stored in a manner in which the contents are, to the extent material to this investigation, in substantially the same state as they were when the SUBJECT CELLULAR TELEPHONE first came into the possession of the FBI.

### III. ITEMS TO BE SEIZED

16. Based upon the facts contained in this Affidavit, your Affiant submits there is probable cause to believe that the items listed in Attachment B will be found in the contents of the SUBJECT CELLULAR TELEPHONE.

17. Based on my training, education, and experience, and discussions with other trained law enforcement personnel, along with information provided by sources of information and confidential sources, your Affiant knows the following:

   a. Drug traffickers commonly use cellular telephones to communicate with other drug traffickers and customers about drug-related activities through the use of telephone calls, text messages, email, chat rooms, social media, and other internet- and application-based communication forums. Moreover, drug traffickers commonly use other capabilities of cellular telephones to further their drug trafficking and money laundering activities. Therefore, evidence related to drug trafficking activity and money laundering activity is likely to be found on the SUBJECT CELLULAR TELEPHONE.

4

18. In addition to items which may constitute evidence and/or instrumentalities of the crimes set forth in this Affidavit, your Affiant also requests permission to seize any articles tending to establish the identity of persons who have dominion and control over the SUBJECT CELLULAR TELEPHONE.

## IV. DIGITAL EVIDENCE STORED WITHIN A CELLULAR TELEPHONE

19. As described in Attachment B, this application seeks permission to search for records and information that might be found in the contents of the SUBJECT CELLULAR TELEPHONE. Thus, the warrant applied for would authorize the copying of electronically stored information under Rule 41(e)(2)(B).

20. *Probable cause.* Your Affiant submits that there is probable cause to believe records and information relevant to the criminal violations set forth in this Affidavit will be stored on the SUBJECT CELLULAR TELEPHONE for at least the following reasons:

   a. Your Affiant knows that when an individual uses a cellular telephone, the cellular telephone may serve both as an instrumentality for committing the crime and also as a storage medium for evidence of the crime. The cellular telephone is an instrumentality of the crime because it is used as a means of committing the criminal offense. The cellular telephone is also likely to be a storage medium for evidence of crime. From my training and experience, your Affiant believes that a cellular telephone used to commit a crime of this type may contain: data that is evidence of how the cellular telephone was used; data that was sent or received; notes as to how the criminal conduct was achieved; records of Internet discussions about the crime; and other records that indicate the nature of the offense.

   b. Based on my knowledge, training, and experience, your Affiant knows that cellular telephones contain electronically stored data, including, but not limited to, records related to communications made to or from the cellular telephone, such as the associated telephone numbers or account identifiers, the dates

5

and times of the communications, and the content of stored text messages, e-mails, and other communications; names and telephone numbers stored in electronic "address books;" photographs, videos, and audio files; stored dates, appointments, and other information on personal calendars; notes, documents, or text files; information that has been accessed and downloaded from the Internet; and global positioning system ("GPS") information.

c. Based on my knowledge, training, and experience, your Affiant knows that electronic files or remnants of such files can be recovered months or even years after they have been downloaded onto a cellular telephone, deleted, or viewed via the Internet. Electronic files downloaded to a cellular telephone can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a cellular telephone, the data contained in the file does not actually disappear; rather, that data remains on the cellular telephone until it is overwritten by new data.

d. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the cellular telephone that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a cellular telephone's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

21. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronic files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how the cellular telephone was used, the purpose of the use, who used it, and when. There is probable cause to believe that this forensic electronic evidence will be found in the contents of the SUBJECT CELLULAR TELEPHONE because:

a. Data in a cellular telephone can provide evidence of a file that was once in the contents of the cellular telephone but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. As explained herein, information stored within a cellular telephone may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, information stored within electronic storage medium (e.g., registry information, communications, images and movies, transactional information, records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the cellular telephone. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. The existence or absence of anti-virus, spyware, and malware detection programs may indicate whether the cellular telephone was remotely accessed, thus inculpating or exculpating the owner. Further, activity on a cellular telephone can indicate how and when the cellular telephone was accessed or used. For example, as described herein, cellular telephones can contain information that log: session times and durations, activity associated with user accounts, electronic storage media that connected with the cellular telephone, and the IP addresses through which the cellular telephone accessed networks and the internet. Such information allows investigators to understand the chronological context of cellular telephone access, use, and events relating to the crime under investigation. Additionally, some information stored within a cellular telephone may provide crucial evidence relating to the physical location of other evidence and the suspect.

7

For example, images stored on a cellular telephone may both show a particular location and have geolocation information incorporated into its file data. Such file data typically also contains information indicating when the file or image was created. The geographic and timeline information described herein may either inculpate or exculpate the user of the cellular telephone. Last, information stored within a cellular telephone may provide relevant insight into the user's state of mind as it relates to the offense under investigation. For example, information within a computer may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the computer or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

  c. A person with appropriate familiarity with how a cellular telephone works can, after examining this forensic evidence in its proper context, draw conclusions about how the cellular telephone was used, the purpose of its use, who used it, and when.

  d. The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a cellular telephone that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, cellular telephone evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on one cellular telephone is evidence may depend on other information stored on that or other storage media and the application of knowledge about how electronic storage media behave. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.  Further, in finding evidence of how a cellular telephone was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium. For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

22. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant your Affiant is applying for would permit imaging or otherwise copying the contents of the SUBJECT CELLULAR TELEPHONE, including the use of computer-assisted scans.

23. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## V.  CONCLUSION

24. Your Affiant submits there is probable cause to believe that the items listed in Attachment B, which constitute evidence and/or instrumentalities of violations of 21 U.S.C. § 841 (Distribution of a Controlled Substance), are likely to be found in the contents of the SUBJECT CELLULAR TELEPHONE further described in Attachment A.

JOHN G. MIKEL
Special Agent, Federal Bureau of Investigation

Electronically subscribed and telephonically sworn this 11th day of August, 2021.

2:58 pm

HONORABLE DEBORAH M. FINE
United States Magistrate Judge